UNITED STATES of America, Plaintiff–Appellee,

v.

Adam Troy BAKER, Defendant–Appellant.

Nos. 08–30454, 08–30455.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 11, 2009.*

Filed Aug. 17, 2009.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jane Kirk, Assistant U.S., USSP—Office of the U.S. Attorney, Yakima, WA, for Plaintiff–Appellee.

Rebecca Louise Pennell, Esquire, Assistant Federal Public Defender, FDWAID—Federal Defenders of Eastern Washington & Idaho, Yakima, WA, for Defendant–Appellant.

Before: KLEINFELD, M. SMITH, and IKUTA, Circuit Judges.

## MEMORANDUM **

In these consolidated appeals, Adam Troy Baker appeals from the 57–month sentence imposed following his guilty-plea conviction for firearm offenses; and the 8–month consecutive sentence imposed following the revocation of the supervised release term he was serving for a prior guilty-plea conviction. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Baker contends that the sentence imposed was unreasonable because the district court failed to adequately address his request for a below-Guidelines sentence due to his mental impairment, based its sentencing decision on clearly erroneous facts, and failed to account for the fact that the Probation Office has never been required to monitor his mental health treatment. The record reflects that the district court considered all of the mitigating arguments Baker raised before concluding that a below-Guidelines sentence was not warranted under the circumstances. Furthermore, the district court was within its discretion to conclude that incarceration was the only way to protect the community. Finally, the record reflects that the district court carefully considered Baker's arguments and weighed all available options before concluding that a sentence of 65 months incarceration, rather than placement into a residential re-entry center or enhanced monitoring by probation, was appropriate. The district court did not procedurally err, and the sentence imposed is substantively reasonable. *See Gall v. United States,* 552 U.S. 38, 128 S.Ct. 586, 596–97, 169 L.Ed.2d 445 (2007); *see also United States v. Carty,* 520 F.3d 984, 992–93 (9th Cir.2008) (en banc).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.